

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00182-CR

---

BRYAN ANTHONY VALDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 29915-A, Honorable Dee Johnson, Presiding

---

August 22, 2024

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Bryan Anthony Valdez, appeals from the trial court's judgment revoking his community supervision for the offense of manufacture or delivery of a controlled substance[1] and sentencing him to eight years of confinement. The reporter's record was originally due July 22, 2024, but we granted the reporter an extension to August 21 to file

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d).

the record.  The reporter has since requested a second extension of thirty days due to her extensive caseload.

To expedite the disposition of the appeal and in the interest of conservation of judicial resources, we deny the request for extension, abate the appeal, and remand the cause to the trial court for further proceedings.  *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed).  On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     what amount of time is reasonably necessary for the completion of those tasks; and

(3)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so.  The trial court is directed to enter such orders necessary to address the aforementioned questions.  So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by September 23, 2024.

Should the reporter file the record on or before the date the trial court acts per our directive, she shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

2

It is so ordered.

Per Curiam

Do not publish.